**BURRIS, NISENBAUM, CURRY, & LACY LLP**
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com

**BURRIS, NISENBAUM, CURRY, & LACY LLP**
DeWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA, Esq. (SBN 337872)
LENA P. ANDREWS, Esq. (SBN 342471)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (510) 839-3882
dewitt@bncllaw.com
julia.quesada@bncllaw.com
lena.andrews@bncllaw.com

Attorneys for Plaintiff,
Jeffrey Dibbern

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DIBBERN, an individual, | CASE NO.: 1:22-cv-00723-CDB |
| Plaintiff, | *(Hon. Magistrate Judge Christopher D. Baker)* |
| vs. | |
| CITY OF BAKERSFIELD, a municipal entity; ANTHONY KIDWELL, individually and in his official capacity as a police officer for the Bakersfield Police Department; NGHIA DUONG, individually and in his official capacity as a police officer for the Bakersfield Police Department; FABIAN SALAZAR, individually and in his official capacity as a police officer for the Bakersfield Police Department; and DOES 1-50, inclusive, individually and in their official capacity as police officers for the Bakersfield Police Department, | **FIRST AMENDED COMPLAINT** |

Defendants.

## **INTRODUCTION**

1. This civil rights case arises out of the egregious physical and emotional harm inflicted on Jeffrey Dibbern by several Bakersfield Police Officers, on December 30, 2021. Mr. Dibbern sustained permanent, life-threatening injuries, after Bakersfield Police Officer Anthony Kidwell rammed his patrol car into Mr. Dibbern, crushing Mr. Dibbern's legs from behind. The force of the impact knocked Mr. Dibbern out of his shoes. In fear for his life, Mr. Dibbern used whatever upper body strength he could gather to push himself over a concrete wall and fell down a nearly eight-foot drop. Although Mr. Dibbern was physically immobilized and writhing in pain, Bakersfield Police Officers continued to bludgeon Mr. Dibbern. Mr. Dibbern was kicked and punched nearly seven times while he was on the ground and under the officers' control. Once Mr. Dibbern was restrained in handcuffs, Bakersfield Police Officers grabbed Mr. Dibbern's arms and shattered legs, carried him to a patrol car, and shoved him in the backseat. Bakersfield Police Officers left Mr. Dibbern in the back of the patrol car for several minutes, alone, screaming in pain, grievously injured, and without any medical care.

2. Defendants' conduct was heinous, deliberate, and grossly unjustified under the circumstances. Mr. Dibbern posed no threat to the safety to any officer or other. Mr. Dibbern was unarmed, on foot, and had his back turned, when Defendant Officer Kidwell willfully used his patrol car as an impact weapon with the intention of apprehending Mr. Dibbern. Furthermore, Mr. Dibbern's shattered legs rendered him physically incapable of fleeing from the officers. The Defendant Officers' actions were malicious, entirely unreasonable, and grossly excessive.

3. Accordingly, this action seeks compensatory and punitive damages from Defendants for flagrantly violating several of Mr. Dibbern's rights under the United States Constitution and state law in connection with the egregious force inflicted upon Mr. Dibbern.

///

///

**FIRST AMENDED COMPLAINT**

## JURISDICTION AND VENUE

4. This action arises under Title 42 of the United States Code, § 1983. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. § 1983 and questions of federal constitutional law. The unlawful acts and practices alleged herein occurred in the City of Bakersfield, County of Kern, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred within this district.

## PARTIES

6. Plaintiff JEFFREY DIBBERN (hereinafter "Plaintiff"), is and was at all times mentioned herein, an individual residing in the state of California and is a United States Citizen.

7. Defendant ANTHONY KIDWELL (hereinafter "Defendant Kidwell"), is and was at all times mentioned herein, a police officer for the Bakersfield Police Department, and is sued individually and in his official capacity.

8. Defendant NGHIA DUONG (hereinafter "Defendant Duong"), is and was at all times mentioned herein, a police officer for the Bakersfield Police Department, and is sued individually and in his official capacity.

9. Defendant FABIAN SALAZAR (hereinafter "Defendant Salazar"), is and was at all times mentioned herein, a police officer for the Bakersfield Police Department, and is sued individually and in his official capacity.

10. Defendant CITY OF BAKERSFIELD (hereinafter "Defendant City") is and was at all times mentioned herein, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California; and at all times mentioned herein, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the City of Bakersfield Police Department

and its tactics, methods, practices, customs, and usage. At all relevant times mentioned herein, Defendant City is and was the employer of Defendants Kidwell, King, Velazquez, Duong, Salazar, Sanford, and DOES 1 through 50, inclusive, (hereinafter, collectively, "Defendant DOE Officers"), individually and in their official capacities as police officers for the City of Bakersfield Police Department.

11.	Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive. Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 25, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

12.	Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of the police officers and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of the Defendants DOES 26 through 50 were also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

**FIRST AMENDED COMPLAINT**

## ADMINISTRATIVE PREREQUISITES

13.     Plaintiff is required to comply with the administrative procedures set forth in the California Government Claims Act. Plaintiff filed a claim against the City of Bakersfield on May 3, 2022. The City of Bakersfield rejected the claim on June 1, 2022. Plaintiff therefore exhausted all administrative remedies pursuant to section 910 of the California Government Code.

## PRELIMINARY ALLEGATIONS

14.     The City of Bakersfield is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments of the United States Constitution, California state law, the California Tort Claims Act, and the Government Code, for the acts and omissions of Defendants Kidwell, Duong, Salazar, and DOES 1 through 50, and each of them, who at the time they caused Plaintiff's injuries and damages, were duly appointed, qualified and acting, officers, employees, and/or agents of Defendant City, and acting within the course and scope of their employment and/or agency.

15.     Each of the Defendants caused and is responsible for, the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating, or failing to promulgate, policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents, officers, deputies, medical providers and employees under their direction and control

16.     Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1 through 50, such allegations and references shall also be deemed to mean the acts, and failures to act, of each Defendant DOE Officer, individually, jointly, or severally.

## FACTUAL ALLEGATIONS

17.     On December 30, 2021, at approximately 3:00pm, Plaintiff was involved in a vehicle pursuit with City of Bakersfield police officers, Defendants Duong and Velazquez.

**FIRST AMENDED COMPLAINT**

Plaintiff stopped the pursuit near the intersection of Wible Road and White Lane in Bakersfield, California, exited his car and started running towards the Arco gas station (hereinafter "Arco"). Several police officers followed in their patrol car as Plaintiff made his way to the Arco. Once Plaintiff reached a white concrete wall separating Arco from the public street and sidewalk, Defendant Kidwell accelerated his patrol car and drove into Arco, headed directly at Plaintiff, who was standing by the wall with his back turned.

18.     On information and belief, Defendant Kidwell deliberately drove his patrol car at a speed of approximately 20 mph, intending to use the patrol car as a control weapon to apprehend Plaintiff. Plaintiff is further informed, believes, and thereon alleges, that Defendant Kidwell made no attempt – and thus, had no intention – to slow down, give warning, or consider alternative uses of force before striking Plaintiff with the patrol car from behind. The force of impact was so strong that it knocked Plaintiff out of his shoes, and his legs were crushed into the concrete wall. In complete fear for his life, and his legs gravely injured, Plaintiff used all the upper body strength he could gather to pull himself over the top of the wall. Plaintiff pulled himself over the wall, but his shattered legs made it impossible for him to clear the eight-foot drop on the other side of the wall. On information and belief, Plaintiff fell from the wall onto the other side. Once Plaintiff hit the ground, he never got back up. Screaming in excruciating agony, Plaintiff remained on the ground, severely injured, and physically incapacitated.

19.     Upon impact, Defendant Kidwell's airbag deployed. Defendant Kidwell immediately exited his car, ran to the wall and jumped over it, and landed down by Plaintiff. While Plaintiff was on the ground, physically incapacitated and agonizing in pain, Defendant Kidwell kicked Plaintiff without warning, and started yelling at Plaintiff to get on the ground.

20.     During this time, Defendants Duong and Salazar, and Officers Jeffrey King, Jaime Velazquez, and Garett Sanford, arrived on scene and immediately went hands on with Plaintiff. On information and belief, Defendant Kidwell punched Plaintiff at least six times while Defendants Duong and Salazar, forced Plaintiff's shattered legs into a control hold, rolled Plaintiff

**FIRST AMENDED COMPLAINT**

over onto his stomach, pressed their body weight onto Plaintiff's back, twisted Plaintiff's arms and placed him in handcuffs.

21. On information and belief, instead of providing medical care to Plaintiff who was severely injured, screaming in pain, and already restrained, Defendants grabbed Plaintiff by the arms and legs and shoved him into the back of a patrol car. Defendants left Plaintiff handcuffed, alone, severely injured, writhing in pain, and bleeding in the back of the patrol car for several minutes, without providing Plaintiff with any form of medical aid.

22. On information and belief, Defendants failed to promptly provide medical care to Plaintiff for the injuries that Defendants willfully caused. As a result of Defendants' egregious conduct, Plaintiff's injuries were exacerbated, thereby causing permanent, life-threatening, physical injuries, and extreme emotional anguish. Plaintiff's permanently injured foot poses a serious risk of requiring amputation in the future.

23. Plaintiff also suffered extreme psychological distress and injury as a result of this ordeal. Plaintiff suffered and still suffers from symptoms including, but not limited to, fear, trauma, anxiety, stress, depression, humiliation, and emotional distress as a result of the incident.

24. During the incident, Defendants Kidwell, Duong, Salazar, and DOES 1 through 25, inclusive, worked together as a group to back each other up, provide tacit approval for the incident, and support, assist, and encourage one another's actions.

25. Each of the Defendant Officers failed to intervene or prevent harm when his or her colleagues were depriving Plaintiff of his constitutional rights as stated in this Complaint.

26. By failing to intervene, each of the Defendant Officers additionally violated Plaintiff's constitutional rights.

27. At all material times, the actions and omissions of each Defendant were conscience-shocking, reckless, and deliberately indifferent to Plaintiff's rights, and in the alternative, negligent and objectively unreasonable, and thereby, unlawful.

///

///

**FIRST AMENDED COMPLAINT**

## DAMAGES

28. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiff was physically, mentally, emotionally, and financially, injured and damaged as a proximate result of Defendants' wrongful conduct.

29. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

## FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)
**(Violation of the Fourth Amendment of the U.S. Constitution - Excessive Force)**
**(Plaintiff JEFFREY DIBBERN Against Defendants KIDWELL, DUONG, SALAZAR, and DOES 1-25)**

30. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 29 of this Complaint.

31. 42 U.S.C. § 1983 provides in part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

32. Plaintiff has firmly established rights under the Fourth and Fourteenth Amendments to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against him.

33. Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

34. Defendants, acting in the performance of their official duties, used force against Plaintiff that was unjustified, entirely unreasonable, and thereby, excessive.

35. Plaintiff posed no credible threat of harm to Defendant Kidwell or any officer or other, when Defendant Kidwell deliberately drove his patrol car into Plaintiff, the force of which, knocked Plaintiff out of his shoes and crushed his legs into the concrete wall. Plaintiff used his upper body strength to pull himself over the wall, completely in fear for his life. Defendant Kidwell's conduct was not only unjustified under the circumstances, but was unacceptable and absolutely intolerable. Plaintiff was unarmed, on foot, and had his back turned when Defendant Kidwell rammed his patrol car into Plaintiff, despite the gas station being completely surrounded by marked patrol cars and armed police officers.

36. Moreover, despite the piercing screams of pain coming from Plaintiff after he was crushed by the patrol car, pulled himself over the concrete wall, and fell down an eight-feet drop, not one Defendant Officer provided medical aid for Plaintiff. Plaintiff was physically incapacitated as a result of his injuries, which included visible disfigurement. Plaintiff therefore could not reasonably pose a credible threat of fleeing the scene. Nonetheless, Defendant Officers approached Plaintiff, and without any provocation, started beating him. Defendant Officers punched and kicked Plaintiff over a span of several minutes, striking him all over his body. At no point did any Defendant Officer intervene to stop the other Defendant Officers from unlawfully beating Plaintiff.

37. There was no need for any of the force inflicted against Plaintiff. Plaintiff was standing with his back turned in a gas station parking lot that was surrounded by patrol cars and Defendant City officers when Defendant Kidwell drove his patrol car into Plaintiff without any warning or justification. Defendants thereafter unloaded several punches while Plaintiff was on the ground, severely injured, physically immobilized, and completely powerless. Plaintiff was unarmed through the entirety of the incident and was not resisting Defendant Kidwell nor the other Defendant Officers, at the time Defendant Kidwell struck Plaintiff with his car, or when Plaintiff was subsequently beaten.

Case No. 1:22-cv-00723- CDB
**FIRST AMENDED COMPLAINT**

38. The use of force exercised by Defendant Kidwell when he hit Plaintiff with his patrol car, and the subsequent uses of force by Defendant Officers when they continued to beat Plaintiff even though he posed no threat of harm to officers or others was unjustified, and constitutes a grossly unreasonable seizure under the Fourth Amendment.

39. In using excessive and unjustified force, Defendants were acting in accordance with the widespread informal practices and customs maintained by the City of Bakersfield Police Department.

40. Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that the use of force in these circumstances was unjustified, and was thereby illegal under clearly established law.

41. The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer life-threatening physical injuries, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

42. The conduct of Defendants was willful, malicious, intentional, deliberately indifferent, and done with a reckless disregard to the constitutionally protected rights, welfare, and safety of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(42 U.S.C. Section 1983)**
**(Violation of the Fourteenth Amendment of the U.S. Constitution – Denial of Med Care)**
**(Plaintiff JEFFREY DIBBERN Against Defendants KIDWELL, DUONG, SALAZAR, and DOES 1-25)**

43. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 42 of this Complaint.

44. 42 U.S.C. § 1983 provides in part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia,

**FIRST AMENDED COMPLAINT**

subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

45. Defendants' purposeful denial of medical care deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

46. Defendants' purposeful denial of medical care further deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed by the Due Process Clause under the Fourteenth Amendment of the United States Constitution.

47. Defendants knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury and the unnecessary and wanton infliction of pain by exacerbating the life-threatening injuries that Defendant Kidwell caused by willfully driving his patrol into Plaintiff. Defendants nevertheless disregarded Plaintiff's serious medical need, thereby causing Plaintiff great bodily harm, conscious pain and suffering for an extended period of time, and exacerbated Plaintiff's life-threatening injuries.

48. Defendants' actions and omissions as described herein resulted in the deprivation of these constitutional rights.

49. Defendants, while acting in the performance of their official duties, used force against Plaintiff that was unjustified, entirely unreasonable, and thereby excessive, such that the failure to provide Plaintiff access to medical care immediately thereafter was deliberately indifferent to Plaintiff's serious medical need and thereby shocks the conscience.

50. In using excessive and unjustified force, and by failing to provide Plaintiff access to immediate medical care, Defendant Officers were acting in accordance with the widespread informal practices and customs maintained by the City of Bakersfield Police Department, as elaborated upon in paragraphs 75-82.

**FIRST AMENDED COMPLAINT**

51. Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that failure to provide Plaintiff access to immediate medical care was deliberately indifferent to Plaintiff's serious medical need and violated clearly established law.

52. The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer life-threatening physical injuries, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

53. The conduct of Defendants was willful, malicious, intentional, deliberately indifferent, and done with a reckless disregard to the constitutionally protected rights, welfare, and safety of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(42 U.S.C. § 1983)**
**(Conspiracy to Violate Civil Rights)**
**(Plaintiff JEFFREY DIBBERN Against Defendants KIDWELL, DUONG, SALAZAR, and DOES 1-25)**

54. Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 53 of this Complaint.

55. Defendants' above-described conduct constitutes excessive force against Plaintiff in violation of the Fourth Amendment, and Defendants' subsequent denial of medical care deprived Plaintiff of his rights under the Due Process Clause of the Fourteenth Amendment. Defendants' acts and omissions were deliberately indifferent to Plaintiff's constitutional rights to be free from excessive force and to his serious medical need, and thereby shock the conscience.

56. Plaintiff was unarmed, and had his back turned, when Defendant Kidwell struck Plaintiff with his patrol car at an accelerated speed and without any justification. The gas station parking lot where Plaintiff was hit by the patrol car, was surrounded by patrol cars and responding

Defendant City officers. Moreover, the force of the impact, shattered his legs, which rendered him physically incapacitated and in imminent need of medical aid.

57. Nevertheless, when Defendants Kidwell, Duong, Salazar, approached Plaintiff, Defendant Officers proceeded to batter Plaintiff for several minutes without any justification or provocation, based on an implied agreement between Defendants in furtherance of the conspiracy to violate Plaintiff's civil rights.

58. In furtherance of the conspiracy, not one Defendant Officer intervened to prevent, terminate, and/or stop the egregious infliction of Defendants' illegal use of force against Plaintiff, nor did any Defendant Officer intervene to provide Plaintiff with medical care.

59. In furtherance of the conspiracy, Defendant Officers grabbed Plaintiff by the arms and legs, without consideration or concern for inflicting further pain or exacerbating Plaintiff's injuries, carried Plaintiff over to a marked patrol car and forced Plaintiff into the backseat.

60. In furtherance of the conspiracy, Defendant Officers left Plaintiff restrained in the backseat of the patrol car, severely injured, bleeding profusely, writhing in pain, and without medical care for nearly ten minutes.

61. Defendants' actions and omissions were purposeful, malicious and jointly orchestrated, by way of an implied and/or express agreement in furtherance of the conspiracy to violate Plaintiff's constitutional rights.

62. As a result of the acts and omissions of Defendants, Plaintiff suffered severe pain, discomfort, severe and extreme emotional distress, fear, terror, anxiety humiliation, and loss of sense of security, dignity, and pride as a United States Citizen. Defendants had no legal justification for their conspiratorial conduct towards Plaintiff, and their uses of force while acting under color of state law were unreasonable and unprivileged acts.

63. Defendants had knowledge of the wrongs conspired to be done and committed, and had the power to prevent and/or aid in preventing the commission of the Defendants' unconstitutional conduct. Not one of the Defendants attempted to prevent and/or intervene to stop the violation of Plaintiff's civil rights.

**FIRST AMENDED COMPLAINT**

64. The conduct of Defendants was willful, malicious, intentional, deliberately indifferent, and done with a reckless disregard to the constitutionally protected rights, welfare, and safety of Plaintiff.

65. Plaintiff brings this action for the civil rights violations complained of herein, and seeks compensatory damages, punitive damages, and an award of reasonable attorneys' fees, pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
**(Violation of California Civil Code § 52.1)**
**(Plaintiff JEFFREY DIBBERN Against Defendants KIDWELL, DUONG, SALAZAR, and DOES 1-25)**

66. Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 65 of this Complaint.

67. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code section 52.1.

68. Defendant Kidwell demonstrated a specific intent to violate Plaintiff's constitutional rights when he drove his patrol car into Plaintiff who was on foot and had his back turned. By deliberately using his patrol car as a means of apprehending and seizing Plaintiff, Defendant Kidwell showed a reckless disregard for Plaintiff's constitutional rights to be free from excessive force and unreasonable seizures, and his right to receive medical care.

69. Defendants Kidwell, Duong, Salazar, demonstrated a specific intent to violate Plaintiff's constitutional rights when they proceeded to beat Plaintiff after he was struck by a patrol car, was on the ground physically incapacitated, severely injured, and screaming in anguish. Defendant Officers' conduct showed a reckless disregard for Plaintiff's constitutional rights to be free from excessive force and unreasonable seizures, and his right to receive medical care.

70. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1, Plaintiff was deprived of his constitutional rights, and suffered damages as set forth herein.

71. Plaintiff is entitled to injunctive relief and an award of his reasonable attorneys' fees pursuant to Civil Code § 52.1(h).

72. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorneys' fees pursuant to Civil Code § 52(a).

73. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorneys' fees, and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Battery/Assault)
### (Plaintiff JEFFREY DIBBERN Against Defendants CITY, KIDWELL, DUONG, SALAZAR, and DOES 1-25)

74. Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 73 of this Complaint.

75. Defendants touched Plaintiff with the intention and purpose to harm or offend him.

76. Plaintiff did not consent to the touching and was permanently harmed by it.

77. A reasonable person in Plaintiff's situation would have been offended by the touching.

78. The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants Kidwell, Duong, Salazar, and DOES 1-25, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Kidwell, Duong, Salazar, and DOES 1-25, were acting within the course and scope of their employment and/or agency with Defendant City. As such, Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Kidwell, Duong, Salazar, and DOES 1-25, pursuant to section 815.2 of the California Government Code.

79. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

80. The conduct of Defendants was willful, malicious, intentional, deliberately indifferent, and done with a reckless disregard to the constitutionally protected rights, welfare, and safety of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**(Plaintiff JEFFREY DIBBERN Against Defendants CITY, KIDWELL, DUONG, SALAZAR, and DOES 1-25)**

81. Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 80 of this Complaint.

82. Defendants' conduct as described herein was outrageous.

83. Defendants intended to cause Plaintiff emotional distress.

84. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was consciously present when the conduct occurred.

85. Plaintiff suffered severe emotional distress from Defendants' harassment and heinous conduct.

86. The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants Kidwell, Duong, Salazar, and DOES 1-25, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Kidwell, Duong, Salazar, and DOES 1-25, were acting within the course and scope of their employment and/or agency with Defendant City. As such, Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Kidwell, Duong, Salazar, and DOES 1-25, pursuant to section 815.2 of the California Government Code.

**FIRST AMENDED COMPLAINT**

87. Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

88. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

89. The conduct of Defendants was willful, malicious, intentional, deliberately indifferent, and done with a reckless disregard to the constitutionally protected rights, welfare, and safety of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
**(Negligence)**
**(Plaintiff JEFFREY DIBBERN Against Defendants CITY, KIDWELL, DUONG, SALAZAR, and DOES 1-50)**

90. Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 89 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

91. The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants Kidwell, Duong, Salazar, and DOES 1-25, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Kidwell, Duong, Salazar, and DOES 1-25, were acting within the course and scope of their employment and/or agency with Defendant City. As such, Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Kidwell, Duong, Salazar, and DOES 1-25, pursuant to section 815.2 of the California Government Code.

92. Defendants, as public employees, are liable for negligent pre-arrest tactics that precede the use of deadly force. The use of a patrol car as an impact weapon by an officer, as Defendant Kidwell did in this case, can constitute deadly force.

93. Defendant Kidwell acted negligently in his use of excessive force and potentially deadly force against Plaintiff, including but not limited to: (a) using his patrol car as an impact weapon by driving his patrol car into Plaintiff with the intention of apprehending Plaintiff; (b) failing to give any warnings and/or commands before exercising such a high level of force, and thus never giving Plaintiff an opportunity to comply; (c) punching and kicking Plaintiff while he was on the ground, unarmed, severely injured and under complete control of six Officers; (d) initiating and executing the plan to forcibly carry Plaintiff by the arms and broken legs over to a patrol car and shoving Plaintiff into the backseat; and (e) failing to provide medical care to Plaintiff for the injuries caused by Defendant Kidwell's use of force as described herein.

94. Defendant Kidwell knew, or should have known, that a person struck by a car, with severe injuries that render him physically immobilized, is expressly experiencing excruciating pain, and remains under the control of six officers, such as Plaintiff here, cannot pose a credible threat to the safety of any officer or other, and cannot reasonably be considered a flight risk when the sustained injuries render the person physically incapable of moving his legs, and thereby cannot even stand up, let alone be a flight risk. Moreover, Defendant Kidwell knew, or should have known, that immediate medical care should be promptly provided to any person hit by a car, especially when it is the officer that causes the person's injuries by deliberately hitting a person with the patrol car, such as Plaintiff. Furthermore, Defendant Kidwell knew, or should have known, that hitting a person with his patrol car constitutes deadly force, and that using deadly force, whether striking by a person with a car or otherwise, against an unarmed person who poses no threat to the safety of officers or others, such as Plaintiff, is unreasonable, excessive, and is thereby, unconstitutional.

95. Defendants Kidwell, Duong, Salazar, acted negligently in their use of excessive force against Plaintiff, including but not limited to: (a) punching and kicking Plaintiff while he was on the ground, unarmed, severely injured and under complete control of six Officers; (b) forcibly grabbing Plaintiff by the arms and broken legs, carrying him to a patrol car, and shoving

**FIRST AMENDED COMPLAINT**

Plaintiff into the backseat; and (c) failing to provide medical care to Plaintiff for the injuries caused by Defendant Officers' uses of force as described herein.

96. Defendant Officers knew, or should have known, that a person struck by a car, with severe injuries that render him physically immobilized, is expressly experiencing excruciating pain, and remains under the control of six officers, such as Plaintiff, cannot pose a credible threat to the safety of any officer or other, and cannot reasonably be considered a flight risk when the sustained injuries render the person physically incapable of moving his legs, and thereby cannot even stand up, let alone be a flight risk. Moreover, Defendant Officers knew, or should have known, that immediate medical care should be promptly provided when a person is hit by a car, and to any person subjected to officers' force and sustained injuries as a result therefrom, such as Plaintiff. Furthermore, Defendant Officers knew, or should have known, that uses force against an unarmed person, who is severely injured and poses no credible threat to the safety of officers or others, such as Plaintiff, is objectively unreasonable, grossly excessive, and thereby, unconstitutional.

97. Additionally, Defendant Officers are liable for failing to intervene when fellow officers violate the constitutional rights of another.

98. Defendant Officers negligently failed to intervene when Plaintiff's Fourth and Fourteenth Amendment rights were violated by: (a) Defendant Kidwell when he rammed his patrol car into Plaintiff, when Plaintiff posed no threat to officers or others; (b) Defendants Officers battered Plaintiff by punching and kicking Plaintiff while he was on the ground, severely injured, and in the control of six officers; (c) Defendant Officers forcibly grabbed Plaintiff by his arms and broken legs, carried him over to a patrol car, and then shoved Plaintiff into the backseat; and (d) failing to provide Plaintiff prompt access to medical care despite Defendant Officers' knowledge that Plaintiff was severely injured, experiencing unbearable pain, and since he was in the custody and control of the officers, Plaintiff's access to medical care was entirely dependent on the Defendant Officers. Defendant Officers knew, or should have known, that failing to intervene when a fellow officer violates the constitutional rights of another, through use of excessive force

**FIRST AMENDED COMPLAINT**

or otherwise, is a breach of duty and exposes them to liability. It was clear that the use of force was excessive and was harming Plaintiff, yet none of the Defendant Officers intervened, or even attempted to intervene, at any point, which resulted in a continued deprivation of Plaintiff's rights under the Fourth and Fourteenth Amendments, and subjected Plaintiff to immense physical and emotional suffering.

99. Furthermore, Defendants City and DOES 26-50, inclusive, are liable for their failure to adequately supervise, hire, train, and/or discipline City of Bakersfield police officers, including Defendant Officers and DOES 1-25, inclusive, whereby Defendants City and DOES 26-50, knew, or in the exercise of reasonable care should have known, that Defendant Officers and DOES 1-25, acted negligently when Defendant Kidwell hit Plaintiff with his patrol car, Defendant Officers beat Plaintiff despite him already being under the Defendant Officers' control, Defendant Officers forcibly carried Plaintiff and placed him in the back of a patrol car, Defendant Officers denied medical care to Plaintiff despite knowing that he had a serious medical need, and Defendant Officers utterly failed to intervene when other officers took action against Plaintiff that was in clear violation of his constitutional rights.

100. Plaintiff was grievously harmed, and Defendants' negligence was a substantial factor in causing his harm.

101. Defendants' negligent conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

102. Plaintiff hereby demands a jury trial in this civil rights action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

**FIRST AMENDED COMPLAINT**

3. For punitive damages in a sum according to proof as to Defendants KIDWELL, DUONG, SALAZAR, and DOES 1-25;

4. For reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988;

5. For any and all statutory damages allowed by law;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.


Dated: February 6, 2024       **BURRIS NISENBAUM CURRY & LACY**


By:   */s/ Julia N. Quesada*
      JOHN L. BURRIS
      DeWITT M. LACY
      JULIA N. QUESADA
      LENA P. ANDREWS

      Attorneys for Plaintiff,
      JEFFREY DIBBERN