UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DIBBERN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BAKERSFIELD, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00723-CDB<br><br>**PRETRIAL ORDER**<br><br>Motions in *limine*:<br>　File – August 12, 2024<br>　Respond – August 22, 2024<br>　Hearing – September 12, 2024<br><br>Jury instructions, proposed verdict form:<br>　Party-submitted – August 22, 2024<br>　Conference – August 28, 2024<br>　Joint & Disputed – September 3, 2024<br>　Hearing – September 12, 2024<br><br>Exhibits:<br>　Exchange exhibit lists – August 19, 2024<br>　Exhibit conference – August 26, 2024<br>　Exhibits lodged – September 9, 2024<br><br>Deposition designations: August 28, 2024<br>Counter designations: September 3, 2024<br><br>Pretrial Conference: July 16, 2024, 10:00AM<br>Jury Trial: September 16, 2024, at 8:30AM in the Bakersfield Courthouse, 510 19th Street (CDB) |

On July 16, 2024, the Court conducted a final pretrial conference. (Doc. 63). DeWitt Lacy, Julia Quesada and Lena Andrews appeared in-person as counsel for Plaintiff; Michael Marderosian and Heather Cohen appeared via Zoom videoconference as counsel for Defendants. Having considered

1

the parties' joint pretrial statement (Doc. 62) and discussion held during the pretrial conference, the Court issues this tentative pretrial order.

Plaintiff Jeffrey Dibbern asserts claims pursuant to 42 U.S.C. § 1983 and state law against Defendants City of Bakersfield, Anthony Kidwell, Nghia Duong, and Fabian Salazar, based on Defendants' alleged actions in connection with a law enforcement encounter between Plaintiff and Defendants and others on December 30, 2021, as alleged in the operative First Amended Complaint. (Doc. 50).

### A. Jurisdiction/Venue

This action includes causes of action pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343. The Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

### B. Jury Trial

The parties demanded a jury trial in this matter. The jury trial will consist of eight jurors.

### C. Undisputed Facts

1. Defendant Officers Anthony Kidwell, Fabian Salazar, and Nghia Duong were employees of Defendant City of Bakersfield on December 30, 2021.
2. During the encounter with Plaintiff Jeffrey Dibbern, Defendant Officers Anthony Kidwell, Fabian Salazar, and Nghia Duong were acting within the course and scope of their employment as police officers for Defendant City of Bakersfield.
3. Defendant Anthony Kidwell's patrol car airbag deployed during the incident.
4. Defendant Anthony Kidwell used his patrol car as a control weapon during the incident.
5. Plaintiff Jeffrey Dibbern was on foot at the time Defendant Anthony Kidwell used his patrol car as a control weapon.
6. The events giving rise to this action occurred on December 30, 2021 in the City of Bakersfield, County of Kern.

### D. Disputed Facts

Local Rule 281(b)(4) requires the parties to include in their joint pretrial statement a "plain, concise statement of each fact (and any related essential facts) that the party claims or concedes to be

in dispute." Here, the parties largely present as "disputed facts" their conflicting positions as to whether the elements of the claims asserted are met or whether the factfinder should make certain conclusions concerning the evidence. Thus, for instance, the parties identify disputes as to whether any Defendant engaged in "objectively unreasonable" force (Doc. 62 at 3, Plaintiff's #1) or failed to "promptly summon/provide medical care" (*id.*, Plaintiff's #3), or whether any of the Defendants violated the statutory or common law bases for the claims asserted (*id.* at 4, Defendants' ## 1-7). As such, the Court is unable to ascertain from the parties' joint pretrial statement what, if any, material facts are disputed.

### E.  Disputed Legal Issues

The parties agree Plaintiff's First Amended Complaint alleges causes of action for: (1) 42 U.S.C § 1983 - Violation of the Fourth Amendment - Excessive Force; (2) 42 U.S.C § 1983 - Violation of the Fourteenth Amendment - Denial of Medical Care; (3) 42 U.S.C § 1983 - Conspiracy to Violate Civil Rights; (4) Violation of California Civil Code § 52.1; (5) Battery/Assault; (6) Intentional Infliction of Emotional Distress; and (7) Negligence.

Defendants assert five affirmative defenses: (1) Qualified Immunity; (2) Self Defense/Defense of Others; (3) Justified/Reasonable Use of Force; (4) Comparative Fault; (5) Mitigation of Damages.

Although the parties present in their joint pretrial statement alternative statements of law pertaining to the legal standards applicable to Plaintiff's claims, the Court cannot discern any material disputes except as to whether the Fourth or Fourteenth Amendment applies to Plaintiff's denial of medical care claim under 42 U.S.C. § 1983. *See* (Doc. 62 at 15, 19). *Cf. Fonseca v. City of Fresno*, No. 1:10–cv–00147 LJO DLB, 2012 WL 44041, at *9 (E.D. Cal. Jan. 9, 2012) ("The Ninth Circuit analyzes claims regarding deficient medical care during and immediately following an arrest under the Fourth Amendment.").

### F.  Motions In *Limine* Hearing and Briefing Schedule

Plaintiff raises evidentiary objections relating to: a firearm recovered from Plaintiff or his vehicle at the time of Plaintiff's arrest; the stolen status of the vehicle Plaintiff was driving; Plaintiff's use of methamphetamine; an apology note at issue during Plaintiff's stay in a hospital; Plaintiff's and Jennifer Marchant's social media posts; dismissal of claims as to other Defendants; Plaintiff's drug use

and criminal history, if any; and expert testimony by Dr. Richard Clark, Curtis Cope, and Zachary Burdick.

Defendant raises evidentiary objections relating to: expert testimony regarding damages and liability; testimony of John Opjordan; agency discipline of Defendants, if any; testimony by lay witnesses on ultimate issues; referral of Defendants for criminal prosecution; photographs of Velasquez vehicle; Bakersfield Police Department Policies and Learning Domains; and undisclosed damages.

Both parties intend to file motions in limine regarding the evidence to be used at trial. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984); *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. *Id*. The Court does not encourage the filing of motions in limine unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial.

**In advance of filing any motion in limine, the parties SHALL meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine. Along with their motions in limine, the parties SHALL file a certification demonstrating the parties have in good faith met and conferred and attempted to resolve the dispute. Failure to provide the certification may result in the Court refusing to entertain the motion**.

The parties, after meaningful and genuine meet and confer efforts, shall file and serve their actually disputed motions in *limine* no later than **August 12, 2024**. Any response to motions in *limine* shall be filed no later than **August 22, 2024**. The Court will conduct a hearing on the motions in *limine* on **September 12, 2024, at 10:30 a.m.** in the Bakersfield Courthouse, 510 19th Street (CDB), unless this Court decides to rule on the motions in *limine* on the briefs.

4

Moving and opposition papers must be brief, succinct, and well-organized. The parties shall consolidate their respective motions in *limine* in a single document, organized by number, and file oppositions in a single document responding to the numbered issues under the same corresponding headers. For example, if Plaintiff has five evidentiary issues, he would file one motion that has five headers: Motion in *limine* No. 1; Motion in *limine* No. 2, and so on; and, in response, Defendants would file one opposition document organized in the same way.

### G.  Special Factual Information

#### 1.  General Nature of Incident (Local Rule 281(b)(6)(iv)(A))

This case arises from an encounter between Plaintiff and law enforcement officers, including Defendants, on December 30, 2021, in the vicinity of the intersection of Wible Road and White Lane in Bakersfield and a nearby gas station.  Plaintiff asserts Defendants engaged in excessive use of force in their efforts to bring Plaintiff into custody, including through Defendants' use of a patrol vehicle to strike Plaintiff, and failed to adequately provide for his medical care.   Defendants assert Plaintiff evaded officers' attempts to capture him and failed to heed their directions and assert various affirmative defenses, including qualified immunity.  The causes of action and statutory and common law predicates at issue are referred to above.

#### 2.  Plaintiff's Information (Local Rule 281(b)(6)(iv)(B))

At the time of this incident, Plaintiff was 36 years old and currently is 38.  Plaintiff asserts he suffered broken lumbar bones numbers 1-3, four pelvic breaks, a broken right hip, broken femur, five torn ligaments in the right knee, broken right fibula, broken right tibia, internal/external degloving, thirteen breaks in the right foot, eleven surgeries on the right foot, extension flexion band on right ankle, penal muscle tear in pelvis, four broken metacarpals in left foot, numerous facial lacerations, three debridement surgeries on right foot, two plastic surgeries on right foot, full orthoscopic rebuild on right knee, partial soft tissue amputation on right foot, and right hand nerve damage.  Defendants assert Plaintiff's documented injuries include only: (1) Right open displaced trimalleolar fracture; (2) Nondisplaced fractures of the right pubic bone and ischium; (3) Open fracture of right ankle; and (4) Right tibial plateau fracture.

Plaintiff's prior injuries include: head injury in 1997; right elbow reconstructive surgery in 2001; broken right and left ankles between three and four times between 2000-2010; and knee reconstruction surgery in 2009.

In connection with the December 2021 incident, Plaintiff has received care from numerous medical providers and has or continues to experience effects including right ankle pain for which he is prescribed Lortab. Plaintiff can ambulate fairly comfortably for 30 to 45 minutes and then has to sit down and rest for approximately 30 minutes. Plaintiff had two falls and required approximately four emergency room visits between 2022 and 2024.

Sometime after September 2022, Plaintiff got a job as a truck mechanic. He worked at that job on a full-time basis for approximately six months but had to stop due to its physical demands. Plaintiff requires frequent breaks every two hours for approximately 30 minutes secondary to ankle discomfort. Plaintiff's hours were ultimately cut back by the company.

Plaintiff estimates his Life Care Plan Expenses based on changes in the Consumer Price Index ("CPI") in the years 2023 to 2063 will range from $13,914 (first year) to $932 (last year) per annum. Plaintiff's Life Care Plan Expenses are increased by an average growth rate of 3.53% and are calculated until the end of his life expectancy in the year 2063. Based on changes in the Medical Consumer Price Index ("MCPI") in the years 2023 to 2063, Plaintiff estimates his Life Care Plan Expenses will range from $51,831 (first year) to $336 (last year). Plaintiff estimates the total present value of his Life Care Plan Expenses based on CPI is $2,021,284 and based on MCPI is calculated at $1,259,818. In the aggregate, Plaintiff's Life Care Plan Expenses are calculated at $3,281,102.

### H. Relief Sought

Plaintiff seeks unquantified damages for: past and future medical care and treatment; future disability, loss of enjoyment of life, and emotional pain and suffering; past and future loss of wages, earning capacity and employment; past and future household expenses; general, special and punitives; attorney's fees and costs.

Defendants seek costs and attorney's fees.

///

///

6

### I. Abandoned Issues

Plaintiff stipulated to dismissal of the *Monell* claim, as well as claims against Jeffrey King, Jaime Velazquez, and Garett Sanford. Without objection from Plaintiff, the Court dismissed the Doe Defendants at the pretrial conference on July 16, 2024.

### J. Witnesses

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

a.  <u>Plaintiff</u>

- Plaintiff, Jeffrey Dibbern
- Defendant Officer, Anthony Kidwell
- Defendant Officer, Nghia Duong
- Defendant Officer, Fabian Salazar
- Officer, Jaime Velazquez
- Officer, Garett Sanford
- Officer, Jeffrey King
- Officer, Zachary Burdick
- John Opjorden
- Georgia Mattern
- Jennifer Marchant
- Diana Bubanja MD, CLCP, CFCE
- Kelly Couch
- Basem Attum MD
- Robert W. Johnson
- Gloria Perry PA

- Jeff Markham MD, Expert MRI
- Mikhail Bekarev MD
- Scott R. Davis MD

Defendant

- Defendant Anthony Kidwell
- Defendant Nghia Duong
- Defendant Fabian Salazar
- Jeffrey King
- Jaime Velazquez
- Garett Sanford
- Lance O'Nesky
- Michael Broida
- Paramedic Matthew Braman
- EMT Mark Gildez
- Hall Ambulance Custodian of Records
- Christopher Hernandez
- Matthew Kroeker
- Brandon Crosson
- Trevor Silva
- Kevin Elliott
- Carina Arteaga
- Katelyn Codner
- Dr. Mikhail Bekarev
- Monica (Dr. Bekarev Physician's assistant)
- Kern Medical Center Custodian of Records
- Eric Celedon
- Gloria Perry, PA

- Curtis J. Cope (expert)
- Ardalan Nourian, M.D (expert)
- Richard Clark M.D (expert)
- Maria Sanchez
- David Zimmerman
- Tami L. Noe
- Kern County Crime Laboratory Custodian of Records
- Kristi Harrer
- Saleem A. Choudry
- Bombdad Pour-Abdollah
- Braulio Martinez-Barrera
- Nabeel Khalid Chaudhry
- Bakersfield Police Department Custodian of Records

### K. Trial Exhibits

Plaintiff's Exhibits and Defendants' Exhibits are those listed in the parties' respective exhibit lists, as set forth in the parties' Joint Pretrial Statement. (Doc. 62 at Sec. 11(a) & 11(b)). The Court incorporates the parties' exhibit lists by reference.

NO EXHIBIT, OTHER THAN THOSE LISTED IN THE JOINT PRETRIAL STATEMENT AND INCORPORATED HEREIN, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

#### 1. Duty to Pre-Mark Exhibits

No later than **August 19, 2024,** the parties shall exchange their proposed exhibits, including demonstrative exhibits. The parties' counsel shall meet and conduct an exhibit conference no later than **August 26, 2024,** to pre-mark and examine trial exhibits and to prepare exhibit lists. All joint exhibits (i.e., any documents which the parties agree should be introduced into evidence) shall be pre-marked with the prefix "JX" and numbered sequentially starting with JX1. Exhibits marked with prefix "JX" will be automatically admitted into evidence without further evidentiary foundation. All of Plaintiff's exhibits (not jointly agreed upon) shall be pre-marked with the prefix "PX" and

9

numbered sequentially starting with PX100. Defendants' exhibits (not jointly agreed upon) shall be pre-marked with the prefix "DX" and numbered sequentially starting with DX800 and proceeding, as needed, through DX999.  This requirement that exhibits be pre-marked includes any exhibits that will be presented in any manner during trial, such as "demonstrative" evidence.

The parties shall separately number each page of any exhibit exceeding one page in length (i.e., JX1-2, PX100-2, DX800-2, etc.).

Each exhibit binder (Joint, Plaintiff, and Defendant) shall contain an index which is placed in the binder before the exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF [JOINT] EXHIBITS**

| EXHIBIT # | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|
|  |  |  |

### 2. Exhibits

No later than **September 9, 2024**, the parties shall file and serve their lists of respective pre-marked exhibits.  Further, no later than **September 9, 2024**, Plaintiff shall deliver three sets of the joint exhibits and the parties each shall deliver three sets of their separate exhibit binders to the Courtroom Deputy Clerk and provide one set to their opponent.

### 3. Discovery Documents

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial.  If a discovery document intended to be used at trial has not been previously lodged, the parties shall also submit the original of such document along with a copy for the Court's use no later than **September 9, 2024**.  Discovery documents (or relevant portions thereof) may be either separately marked and indexed as a trial exhibit (as part of the exhibit marking process described above) or, if admissible, read directly into evidence.

NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

<u>Plaintiff's Documents</u>

1. City's responses to Request for Production of Documents to City, Set One
2. City's responses to Request for Production of Documents to City, Set Two
3. Nghia Duong Responses to Special Interrogatories, Set One
4. Nghia Duong Responses to Request for Admissions, Set One
5. Anthony Kidwell Responses to Request for Production of Documents to City, Set One
6. Anthony Kidwell Responses to Special Interrogatories, Set One
7. Garett Sanford Responses to Special Interrogatories, Set One
8. Garett Sanford Responses to Request for Admissions, Set One
9. Jaime Velasquez Responses to Special Interrogatories, Set One
10. Jaime Velasquez Responses to Request for Admissions, Set One
11. Fabian Salazar Responses to Special Interrogatories, Set One
12. Fabian Salazar Responses to Request for Admissions, Set One
13. Jeffrey King Responses to Special Interrogatories, Set One
14. Jeffrey King Responses to Request for Admissions, Set One
15. Plaintiff Jeffrey Dibbern's Responses to City Defendant's Requests for Production of Documents, Set One
16. Plaintiff Jeffrey Dibbern's Responses to City's Requests for Production of Documents, Set Two
17. Plaintiff Jeffrey Dibbern's Responses to City Special Interrogatories, Set One
18. Plaintiff Jeffrey Dibbern's Responses to Kidwell's Special Interrogatories, Set One
19. Plaintiff Jeffrey Dibbern's Responses to King's Special Interrogatories, Set One
20. Plaintiff Jeffrey Dibbern's Responses to Duong's Special Interrogatories, Set One
21. Plaintiff Jeffrey Dibbern's Responses to Velazquez's Special Interrogatories, Set One
22. Plaintiff Jeffrey Dibbern's Responses to Salazar's Special Interrogatories, Set One
23. Plaintiff Jeffrey Dibbern's Responses to Sanford's Special Interrogatories, Set One
24. Plaintiff Jeffrey Dibbern's Amended Responses to City Special Interrogatories, Set One

25. Plaintiff Jeffrey Dibbern's Amended Responses to City's Requests for Production of Documents, Set Two
26. Plaintiff Jeffrey Dibbern's Responses to City's Requests for Admissions, Set One
27. Plaintiff Jeffrey Dibbern's Amended Responses to City's Requests for Admissions, Set One
28. Plaintiff's Initial Disclosure Statement
29. Plaintiff's First Supplemental Disclosure Statement
30. Plaintiff's Second Supplemental Disclosure Statement
31. Plaintiff's Initial Expert Disclosures
32. Plaintiff's Supplemental Expert Disclosures
33. Plaintiff's Second Supplemental Expert Disclosures

<u>Defendant's Documents</u>

1. Plaintiff's Response to Special Interrogatories, Set One, Propounded by Defendant City of Bakersfield
2. Plaintiff's Response to Special Interrogatories, Set One, Propounded by Defendant Duong
3. Plaintiff's Response to Special Interrogatories, Set One, Propounded by Defendant Kidwell
4. Plaintiff's Response to Special Interrogatories, Set One, Propounded by Defendant King
5. Plaintiff's Response to Special Interrogatories, Set One, Propounded by Defendant Salazar
6. Plaintiff's Response to Special Interrogatories, Set One, Propounded by Defendant Sanford
7. Plaintiff's Response to Special Interrogatories, Set One, Propounded by Defendant Velasquez
8. Plaintiff's Response to Request for Admissions, Set One, Propounded by Defendant City of Bakersfield
9. Plaintiff's Amended Response to Special Interrogatories, Set One, Propounded by Defendant City of Bakersfield
10. Plaintiff's Response to Special Interrogatories, Set Two, Propounded by Defendant Salazar

### 4. Deposition Testimony

Deposition testimony shall be designated by page and line number, with such designation to be filed and served no later than **August 28, 2024**. Any counter-designation as to the same deposition (also set out by page and line number) shall be filed and served no later than **September 3, 2024**. The original certified transcript of any deposition identified in a designation or counter-designation, along with any videorecording of deposition excerpts either party intends to use at trial, shall be lodged with the Courtroom Deputy Clerk no later than **September 9, 2024**.

### L. Proposed Jury Instructions and Verdict Forms

The parties shall <u>serve</u> their proposed jury instructions and verdict forms on one another no later than **August 22, 2024**. The parties shall conduct a conference to address their proposed jury instructions and verdict forms no later than **August 28, 2024**. At the conference, the parties shall reach agreement on jury instructions and a verdict form for use at trial. The parties, no later than **September 3, 2024,** shall <u>jointly file and serve</u> all agreed-on jury instructions and an agreed-on verdict form and identify such as the agreed-on jury instructions and verdict form. The parties also shall <u>file and serve</u> by **September 3, 2024**, any proposed but disputed jury instructions and/or partial verdict form, and identify those as disputed.

All jury instructions SHALL indicate the party submitting the instruction (i.e., joint/agreed-on, Plaintiff's, or Defendants'), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction.

All jury instructions and verdict forms SHALL be e-mailed as a Microsoft Word attachment to cdborders@caed.uscourts.gov. The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI, or other instruction forms. The proposed jury instructions must be in the form and sequence that the parties desire to be given to the jury. All blanks to form instructions must be completed. Irrelevant or unnecessary portions of form instructions must be omitted.

Ninth Circuit Model Jury Instructions shall be used where the subject of the instruction is covered by a model instruction. Otherwise CACI or BAJI instructions shall be used where the subject

of the instruction is covered by CACI or BAJI. All instructions shall be short, concise, understandable, neutral and accurate statements of the law. Argumentative or formula instructions will not be given and must not be submitted. Quotations from legal authorities without reference to the issues at hand are unacceptable.

The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern instruction, such as the Ninth Circuit Model Jury Instructions, CACI, BAJI, or any other source of pattern instructions, and must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

The Court will address arguments concerning jury instructions, verdict form, and any other outstanding pretrial issues at the motion in *limine* hearing on **September 12, 2024, at 10:30 a.m.**

### M. Further Discovery/Motions

No further discovery is sought by either party.

### N. Stipulations

The parties have not agreed upon any stipulations.

### O. Amendments/Dismissals

Neither party seeks amendments to the pleadings. The Doe Defendants were dismissed at the pretrial conference.

### P. Settlement Negotiations

The parties previously participated in a Court-convened settlement conference but did not settle the case. Defendants do not believe further settlement discussions would be fruitful.

### Q. Agreed Statements

The parties did not include in their joint pretrial statement a neutral statement to use during jury selection. At the pretrial conference, the Court ordered the parties to meet and confer and provide a neutral statement. The parties shall provide to the Court an agreed-upon neutral statement no later than **September 12, 2024.**

### R. Separate Trial of Issues

At the pretrial conference, the parties expressed agreement to bifurcate trial of punitive damages. The parties disagree whether the issue of damages should be bifurcated from the trial of

liability. Any motion to bifurcate the issues of liability and damages shall be filed on or before the deadline to file motions *in limine*.

### S. Impartial Experts – Limitation of Experts

None requested.

### T. Attorney's Fees

The parties will seek an award of attorneys' fees as appropriate as a post-trial motion.

### U. Trial Date/Estimate of Length

Jury trial is set for **September 16, 2024**, at 8:30 a.m. before the Honorable Christopher D. Baker at the United States Courthouse, 510 19th Street, Bakersfield, California. Trial is expected to last 7 – 10 days.

### V. Trial Briefs

The parties are relieved of their obligation under Local Rule 285 to file trial briefs. If any party wishes to file a trial brief, they must do so in accordance with Local Rule 285 and be filed on or before **September 3, 2024**.

### W. Objections to Pretrial Order

Within 14 days after the date of service of this order, the parties may file written objections to any of the provisions set forth in this order. The parties may file any replies to the objections within seven days. The objections shall clearly specify the requested modifications, corrections, additions or deletions. **If no objections are filed, the order will become final without further order of the Court.**

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

### X. Miscellaneous Matters

The Court anticipates convening trial Monday – Friday at 8:30 a.m., with the exception of Friday, September 20, 2024, on which date the Court will not convene for trial proceedings. The Court anticipates one morning break for 15 minutes and adjourning for lunch at 12:00 for one hour,

and one afternoon break for 15 minutes and adjourning each day by 4:00 p.m.  Once the jury begins deliberating, the jury will set their own schedule.

The Court will enter separately an order addressing courtroom and trial decorum.

Strict compliance with this order and its requirements is mandatory. All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:   **July 17, 2024**

UNITED STATES MAGISTRATE JUDGE