UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY DIBBERN,<br><br>            Plaintiff,<br><br>   v.<br><br>CITY OF BAKERSFIELD, *et al.*,<br><br>            Defendants. | Case No.  1:22-cv-00723-CDB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO BIFURCATE LIABILITY AND DAMAGES PORTIONS OF TRIAL**<br><br>(Doc. 71) |

**<u>Introduction</u>**

Plaintiff Jeffrey Dibbern asserts claims pursuant to 42 U.S.C. § 1983 and state law against Defendants City of Bakersfield, Anthony Kidwell, Nghia Duong, and Fabian Salazar, based on Defendants' alleged actions in connection with a law enforcement encounter between Plaintiff and Defendants and others on December 30, 2021, in Bakersfield, as alleged in the operative First Amended Complaint ("FAC"). (Doc. 50). In the FAC, Plaintiff asserts causes of action for: (1) 42 U.S.C § 1983 - Violation of the Fourth Amendment - Excessive Force; (2) 42 U.S.C § 1983 - Violation of the Fourteenth Amendment - Denial of Medical Care; (3) 42 U.S.C § 1983 - Conspiracy to Violate Civil Rights; (4) Violation of California Civil Code § 52.1; (5) Battery/Assault; (6) Intentional Infliction of Emotional Distress; and (7) Negligence.

1

Trial of the action is scheduled to commence on September 16, 2024. Pending before the Court is Plaintiff's motion to bifurcate trial into two phases (damages and liability), filed on August 13, 2024 (Doc. 71), for which Defendants filed an opposition (Doc. 78).

**Plaintiff's Motion to Bifurcate Trial**

    **A. Legal Standard**

Federal Rule of Civil Procedure 42(b) provides, in pertinent part, that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The determination of whether to bifurcate a trial is a matter within the Court's discretion. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). "In exercising this discretion, the court should consider 'potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result' from bifurcation." *Stevenson v. Holland*, 504 F. Supp.3d 1107, 1127 (E.D. Cal. 2020) (quoting *Green v. Baca*, 226 F.R.D. 624, 630 (C.D. Cal. 2005)). "Absent some experience demonstrating the worth of bifurcation, 'separation of issues for trial is not to be routinely ordered.'" *Id.* (quoting *Hamm v. Am. Home Prods. Corp.*, 888 F. Supp. 1037, 1039 (E.D. Cal. 1995)) (quoting Fed. R. Evid. 42(b) advisory committee notes). "The party who moves to bifurcate a trial has the burden of proving that the bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties." *A.G.1. v. City of Fresno*, No. 1:16-cv-1914-JLT-SAB, 2023 WL 3752008, at *6 (E.D. Cal. June 1, 2023) (internal quotation and citation omitted).

    **B. The Parties' Arguments**

Plaintiff argues that trying the issues of liability before damages serves "the interest of promoting judicial economy" and avoiding prejudice. (Doc. 71 at 3, 4). Plaintiff argues, "[s]ince the evidence of compensatory and punitive damages usually overlaps substantially, 'the normal procedure is to try compensatory and punitive damage claims together with appropriate instructions to make clear to the jury the difference in the clear and convincing evidence required for the award of punitive damages.'" *Id.* at 4 (quoting *Hangarter*, 373 F.3d at 1021). Plaintiff further argues bifurcation would "allow the jury to focus on the reasonableness of the force used by Defendant officers, rather than determine liability and damages through jumbled testimony from several law enforcement officers

offering liability evidence at the same as hearing testimony numerous doctors on complex injuries and various medical procedures." *Id.* at 4-5.

In opposition, Defendants principally argue that bifurcation is unwarranted given that Plaintiff will be required to introduce damages-related evidence during a liability phase of trial to establish the damages elements of Plaintiff's claims – in particular, his state law causes of action for negligence and intentional infliction of emotional distress. (Doc. 78 at 5-7). Defendants separately argue that Plaintiff fails to carry his burden under Rule 42(a) to establish that bifurcation would promote judicial efficiency. *Id.* at 7. Finally, while Defendants seemingly acknowledge that proceeding without bifurcating liability and damages will result in some prejudice to Plaintiff (*id.* at 7), Defendants propose that any possible prejudice can be ameliorated with appropriate jury instructions restricting the jury's consideration of the evidence for limited purposes. *Id.* at 9.

C. **Discussion**

In *Stevenson*, a former prisoner brought excessive force and failure to intervene claims against correctional officers he accused of physically abusing him. 504 F. Supp.3d at 113-14. Defendants sought to bifurcate the liability and damages phases of trial to minimize prejudice and avoid the "risk of the jury making its liability determination based on Stevenson's damages evidence." 504 F. Supp.3d at 1126. The court noted the likelihood "that separate trials for liability and damages would involve presentation of much of the same evidence." *Id.* at 1127. The Court further noted that, given "the liability evidence and damages evidence are entwined, bifurcating trial would raise additional line-drawing questions as to what evidence is relevant and admissible at the separate mini-trials." *Id.*

In *A.G.1 v. City of Fresno*, an estate brought excessive force and related state law causes of action against a police officer who shot and killed the decedent during a foot chase. 2021 WL 4502949, at *1 (E.D. Cal. Oct. 1, 2021). Only Plaintiffs' negligence cause of action survived summary judgment. *Id.* In advance of trial, Plaintiffs moved to bifurcate the liability and damages phases on the grounds that some issues relevant to damages – "including the decedent's criminal history" and autopsy results showing methamphetamine and THC in decedent's system – would be "extremely prejudicial if they are brought out during the liability phase of this action." 2023 WL 3752008, at *6. The Court declined to bifurcate the trial, noting that numerous contested issues were

1 relevant to both liability and damages – for instance, that decedent was under the influence of
2 methamphetamine and on parole at the time of the incident – and that, while some prejudice may
3 result from declining to bifurcate, Plaintiff had failed to demonstrate that any prejudice would
4 outweigh the probative value of the contested evidence.  *Id.* at *7.

5       The Court finds this case and the arguments advanced by Plaintiff in support of bifurcation are
6 similar to the same issues addressed by the courts in *Stevenson* and *A.G.1*.  First, Plaintiff's argument
7 that "the evidence relevant to the Defendant Officers' liability is sufficiently separate from the
8 evidence that is relevant to damages" and that "[t]he only witnesses whose testimony would be
9 relevant in both phases is Plaintiff and Defendant" (Doc. 71 at 4) is incorrect.  In order to establish
10 Defendants' liability on his negligence and intentional infliction of emotional distress claims, Plaintiff
11 will be required to introduce evidence of damages during any bifurcated liability phase.  This
12 inevitably would require testimony from medical practitioners and Plaintiff's expert noticed to testify
13 concerning Plaintiff's post-traumatic stress disorder during both phases of a bifurcated trial.  *See*
14 *Stevenson*, 504 F. Supp.3d at 1127.  Relatedly, in their joint pretrial statement, the parties seemingly
15 agree that evidence of the extent of Plaintiff's injuries is relevant to Defendants' liability on Plaintiff's
16 § 1983 claims.  *See* (Doc. 62 at 14-15) (quoting Ninth Circuit Jury Instruction 9.25, "Excessive
17 Force," directing the jury to consider "the extent of the plaintiff's injury").

18       Second, Plaintiff has noticed more than 200 exhibits consisting of body worn and vehicle dash
19 camera video excerpts which invariably depict evidence relevant to both liability and damages issues.
20 Thus, there inevitably will be an overlap of substantial amounts of evidence that would be introduced
21 during both phases of a bifurcated trial.  *E.g., Rubalcava v. City of San Jose*, No. 20-cv-04191-BLF,
22 2024 WL 2031641, at *8-9 (N.D. Cal. May 6, 2024) (declining to bifurcate liability and damages
23 phases where the same witnesses would be required to testify during both phases; "[t]hus, bifurcation
24 would not serve judicial economy, and would needlessly prolong the trial unless the jury were to find
25 Defendants not liable").

26       Finally, the Court acknowledges Plaintiff's concerns regarding the prejudice that may result
27 from introduction of certain unfavorable evidence during a liability phase of trial and which Plaintiff
28 seeks to restrict to a separate damages phase.  (Doc. 71 at 5-6).  However, as the party bearing the

burden "of proving that the bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties" (*A.G.1*, 2023 WL 3752008, at *6), Plaintiff has failed to explain why any potential prejudice could not be addressed through appropriate limiting instruction. *See Dunivin*, 2024 WL 3468785, at *4.

**Conclusion and Order**

For the foregoing reasons, the Court DENIES Plaintiff's motion to bifurcate (Doc. 71).

IT IS SO ORDERED.

Dated:   **August 22, 2024**

UNITED STATES MAGISTRATE JUDGE