1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    JEFFREY DIBBERN,                          Case No.: 1:22-cv-00723-CDB

12                    Plaintiff,                 ORDER DIRECTING CLERK'S OFFICE
                                                 TO RETURN LODGED FILINGS
13            v.
                                                 ORDER TO SHOW CAUSE WHY
14    CITY OF BAKERSFIELD, *et al.*,             SANCTIONS SHOULD NOT BE
                                                 IMPOSED
15                    Defendants.
                                                 ORDER SETTING SHOW CAUSE
16                                               HEARING

17

18            **Relevant Background**

19            On September 24, 2025, the parties convened before Magistrate Judge Carolyn K.

20    Delaney for a settlement conference.  (Doc. 154).  The case was settled and the parties agreed to

21    the terms of the settlement agreement as recited on the record, subject to approval by the

22    Bakersfield City Council.  *Id.*; *see* (Doc. 157, "Transcript of Settlement Conference").  Counsel

23    for Defendants thereafter reported to the Court that the City Council approved the settlement.

24    The Court ordered the parties to file dispositional documents within 30 days (e.g., no later than

25    October 24, 2025).

26            The parties have not filed dispositional documents and the deadline to do so has passed.

27            On November 6, 2025, the undersigned's courtroom deputy emailed all counsel to report

28    that Plaintiff Jeffrey Dibbern visited the Bakersfield courthouse seeking information about this

1  action and expressed an interest in representing himself.  Because Mr. Dibbern is represented in
2  this action, the Court requested Plaintiff's counsel to instruct Mr. Dibbern that the Court is unable
3  to accept his filings or provide him with advice about the case.

4      The following day, staff with the Freno office of the Clerk of the Court brought to the
5  undersigned's attention that on or about November 7, 2025, Mr. Dibbern lodged for filing a
6  pleading titled "Motion Request" in which it appears Mr. Dibbern seeks various forms of relief,
7  including that the Court "appoint" him as "pro se" counsel and "release" noticed counsel DeWitt
8  M. Lacy and Julia N. Quesada.

9  **Governing Legal Standard**

10     When a party is represented by counsel, he may not appear, file motions, or otherwise act
11  on his own behalf without leave of the court.  *See United States v. Brayshaw*, No. 2:14-mc-
12  00088-MCE-KJN, 2018 WL 534120, at *1 (E.D. Cal. Jan. 23, 2018) (noting that under Fed. R.
13  Civ. P. 11, a party "cannot both be represented and file her own motions").  If a party represented
14  by counsel wishes to proceed on a pro se basis, counsel must either notice a motion to withdraw
15  consistent with Local Rule 182(d) or seek to substitute another attorney with the client's consent
16  (*see* Local Rule 182(g)).

17     Separately, Local Rule 110, corresponding with Federal Rule of Civil Procedure 11,
18  provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of
19  the Court may be grounds for imposition by the Court of any and all sanctions . . . within the
20  inherent power of the Court."  Local Rule 110.  The Court has the inherent power to control its
21  docket and may, in the exercise of that power, impose sanctions where appropriate, including
22  dismissal of the action.  *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  A
23  court may dismiss an action based on a party's failure to prosecute an action, obey a court order,
24  or comply with local rules.  *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
25  (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal*
26  *Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order);
27  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and
28  to comply with local rules).

**Discussion**

Plaintiff's counsel Mr. Lacy and Ms. Quesada have neither moved for leave to withdraw nor filed an application for substitution of attorney. Accordingly, because Mr. Lacy and Ms. Quesada remain counsel of record, Mr. Dibbern is not authorized to make filings in this case. Therefore, the Court will direct the Clerk of the Court to return the filing Mr. Dibbern lodged on November 7, 2025, to Plaintiff's counsel via U.S. postal mail.

Further, because the parties have failed to comply with a Court order and this Court's Local Rules governing dispositional documents (*see* Local Rule 160) and neither sought leave for an extension of the deadline to file dispositional documents or otherwise explained their delinquency, the Court will order the parties to show cause in writing and appear for hearing why sanctions should not be imposed.

**Conclusion and Order**

For the reasons set forth above, the Clerk of the Court is DIRECTED to return the filing Mr. Dibbern lodged on November 7, 2025, to Plaintiff's counsel via U.S. postal mail.

And it is HEREBY ORDERED that the parties shall show cause in writing no later than November 24, 2025, why sanctions should not be imposed for counsels' failure to comply with a Court order and Local Rule 160.

And it is FURTHER ORDERED that the parties shall appear before the undersigned for hearing on the Court's order to show cause on November 25, 2025, at 9:00 a.m. Counsel shall email the undersigned's courtroom deputy at least 24 hours in advance of the hearing for Zoom connection information.

Any failure by the parties to timely comply with this order will result in the imposition of sanctions, through and including dismissal of the action.

IT IS SO ORDERED.

Dated:   **November 19, 2025**

UNITED STATES MAGISTRATE JUDGE

3